UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FAYE OLIVIER AND ROCKY OLIVIER** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13-4689** |
| **REPUBLIC FIRE AND CASUALTY INSURANCE COMPANY AND CRAWFORD & COMPANY** | **SECTION: "S" (3)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiffs' Conspiracy Allegations under Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. #5) is **DENIED**.

### BACKGROUND

This matter is before the court on a motion to dismiss plaintiffs' conspiracy allegations filed by defendants, Republic Fire and Casualty Insurance Company and Crawford & Company. Defendants argue that plaintiffs failed to sufficiently state a claim for civil conspiracy in their petition.

Plaintiffs, Faye and Rocky Olivier, own a home located at 205 Warwick Street, LaPlace, Louisiana. On August 28, 2012, plaintiffs' home sustained wind and rain damage as a result of Hurricane Isaac. At the time of the loss, plaintiffs' maintained a homeowners' insurance policy with Republic Fire. Plaintiffs reported the loss to Republic Fire, and Republic Fire retained Crawford to adjust plaintiffs' claim.

On April 5, 2013, Republic Fire filed a petition in the Fortieth Judicial District Court, Parish of St. John the Baptist, State of Louisiana seeking the appointment of an umpire to serve in the insurance appraisal process in this case. The court appointed an umpire on April 8, 2013, before plaintiffs received service of Republic Fire's petition or had an opportunity to respond.

On May 2, 2013, plaintiffs filed this action in the Fortieth Judicial District Court, Parish of St. John the Baptist, State of Louisiana alleging that Republic Fire and Crawford breached the insurance policy and committed torts in connection with the adjustment of plaintiffs' Hurricane Isaac homeowners' insurance claim.  Plaintiffs allege that Republic Fire and Crawford are liable for property damage, loss of use and enjoyment of property, additional living expenses, repair and remediation expenses, loss of investment value of funds used to offset Republic Fire's failure to pay, diminution of property value, mental anguish, statutory penalties under Louisiana Revised Statutes §§ 22:1892 and 22:1973, and attorneys' fees and costs.  Plaintiffs also allege that the defendants "engaged in a conspiracy designed to delay the adjustment and complete payment of the petitioners' claim."

On May 31, 2013, defendants removed the action to the United States District Court for the Eastern District of Louisiana alleging diversity subject matter jurisdiction under 28 U.S.C. § 1332.  Thereafter, defendants filed the instant motion to dismiss plaintiffs' conspiracy allegations pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## ANALYSIS

**A.     Rule 12(b)(6)**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, enough facts to state a claim for relief that is plausible on its face must be pleaded. In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)).  A claim is plausible on its face when

the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl., 127 S.Ct. at 1965. The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008). However, the court need not accept legal conclusions couched as factual allegations as true. Iqbal, 129 S.Ct. at 1949-50. In considering a motion to dismiss for failure to state a claim, a district court may consider only the contents of the pleading and the attachments thereto. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (citing Fed. R. Civ. P. 12(b)(6)).

**B.     Plaintiffs' Conspiracy Allegations**

Defendants argue that plaintiffs failed to sufficiently state a claim for conspiracy in their petition.

"Conspiracy by itself is not an actionable claim under Louisiana law," and must be based on an underlying tort. Crutcher-Tufts Resources, Inc. v. Tufts, 38 So.3d 987, 991 (La. Ct. App. 2010) (citing Ross v. Conoco, Inc., 828 So.2d 546 (La. 2002)). Instead, conspiracy imposes solidary liability on the co-conspirators. Louisiana Civil Code article 2324 provides that a person "who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act." Thus, the actionable element of the conspiracy claim is the "'tort which the conspirators agree to perpetrate and which they actually commit in whole or in part.'" Crutcher-Tufts, 38 So.3d at 991(quoting Ross, 828 S.2d at 552). To recover under a conspiracy theory of solidary liability, "a plaintiff must prove that an agreement existed to

3

commit an illegal or tortious act; the act was actually committed and resulted in plaintiff's injury; and there was an agreement as to the intended outcome or result." Id. (citing Butz v. Lynch, 710 So.2d 1171 (La. Ct. App. 1998)).

Plaintiffs allege that the defendants "engaged in a conspiracy designed to delay the adjustment and complete payment of [their] claim." Plaintiffs also allege that defendants committed torts during the claims adjustment process. Rule 8(a)(2) of the Federal Rules of Civil Procedure states that pleadings must contain a short and plain statement of the claim showing that the pleader is entitled to relief.  To comply with Rule 8(a)(2) a plaintiff does not need to plead specific facts, but only "'give the defendant fair notice of what the. . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007) (quoting Conley v. Gibson, 78 S.Ct. 99, 103 (1957)). Plaintiff's allegations clearly put the defendants on notice that plaintiffs claim that the defendants' conspired to commit torts during the claims adjustment process to delay the payment of plaintiffs' insurance claim.  Therefore, plaintiffs have sufficiently stated a claim for civil conspiracy liability, and defendants' motion to dismiss is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiffs' Conspiracy Allegations under Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. #5) is **DENIED**.

New Orleans, Louisiana, this   27th   day of June, 2013.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**